13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene Allen DAVIS, Defendant-Appellant.
 No. 93-3126.
 United States Court of Appeals, Tenth Circuit.
 Nov. 22, 1993.
 
 Before BALDOCK, ALDISERT,[2] and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Defendant Eugene Allen Davis was convicted of driving on a suspended driver's license, Kan. Stat. Ann. 8-262; 18 U.S.C. 13, and driving under the influence of alcohol, Kan. Stat. Ann. 8-1567(a)(2); 18 U.S.C. 13, on the grounds of Fort Riley, Kansas. Defendant appeals his conviction for driving under the influence of alcohol. We have jurisdiction pursuant to 28 U.S.C. 1291.
 
 
 2
 Prior to trial, Defendant filed a motion to suppress all evidence relating to a breath test. After a hearing, the district court denied the motion. Defendant went to trial and was convicted on both counts. On appeal, Defendant claims that the court erred in admitting the results of the breath test obtained with Defendant's consent, because that consent was based on inaccurate statements concerning Defendant's obligation to provide a breath sample for analysis.
 
 
 3
 We review the district court's factual findings for clear error. United States v. Swepston, 987 F.2d 1510, 1513 (10th Cir.1993). The ultimate issue of whether an arrest occurred is a question of law which we review de novo. United States v. Bloom, 975 F.2d 1447, 1450 (10th Cir.1992). Defendant and the attorneys are familiar with the facts of this case and they need not be recited here. We have read the briefs, heard oral argument, and reviewed the record before us. We conclude that the district court's factual findings in support of its conclusion that Defendant was under arrest for driving under the influence of alcohol prior to his consent to the breath test were not clearly erroneous. We further conclude that the court's ultimate conclusion that an arrest for driving under the influence occurred was correct.
 
 
 4
 AFFIRMED.
 
 
 
 [2]
 The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3